UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES GIBSON,                     :
                                  :
          Plaintiff              :    No. 4:CV-04-0804
                                  :
      vs.                         :    (Complaint Filed 04/12/04)
                                  :
                                  :    (Judge Muir)
JEFFREY BEARD, et al.,            :
                                  :
          Defendants             :

**ORDER**

July 11, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

James Gibson, an inmate confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania, ("SCI-Mahanoy"),filed the captioned civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff names as defendants Dr. Edelman, a physician employed at SCI-Mahanoy; Jeffrey Beard, Department of Corrections Secretary; Edward Klem, SCI-Mahanoy Warden, Robert Shannon, former SCI-Mahanoy Warden; Marva Cerullo, Corrections Health Care Administrator; Kenneth G. Chmielewski, SCI-Mahanoy Deputy Warden; Fred Hassan, CEO, Schering-Plough Pharmaceutical Drug Co.; Myron Holubiak, President, Roche Labs; Catherine McVey, Director of the Bureau of Health Care Services.

By Order dated July 1, 2004, plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A.[1] (Doc. No. 14). Plaintiff's complaint was dismissed as frivolous against defendants Beard, Klem, Shannon, Cerullo, Chmielewski, Hassan, Holubiak and McVey and the United States Marshal was directed to serve plaintiff's complaint on Dr. Edelman.  Id. On September 22, 2004, plaintiff filed an amended complaint.  (Doc. No. 23).

On October 20, 2004, defendant Edelman filed a motion to dismiss the plaintiff's amended complaint.  (Doc. No. 28).  By Order dated April 12, 2005, defendant Edelman's motion to

---

1.  Section 1915A provides in pertinent part:
    (a)  Screening. -- The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)  Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2) seeks monetary relief from a defendant who is immune from such relief.

2

dismiss was denied.  (Doc. No. 53).  On April 20, 2005, defendant Edelman filed an answer to the amended complaint. (Doc. No. 55).

Presently before the Court is defendant Edelman's motion for summary judgment in which defendant Edelman argues, <u>inter alia</u>, that Gibson has failed to exhaust available administrative remedies.  (Doc. No. 107).  Because defendant's argument that plaintiff has failed to exhaust administrative remedies is case dispositive, defendant's other argument will not be addressed. For the reasons set forth below, the defendant's motion for summary judgment will be granted.

## Standard of Review

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment " . . . forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "[T]his standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

3

requirement is that there be no genuine issue of material fact." Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray vs. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore vs. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement vs. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White vs. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies

4

its burden under Rule 56(c) of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue.   Celotex Corporation vs. Catrett, 477 U.S. 317, 324 (1986).   The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts."   Matsushita Electric Industrial Co. vs. Zenith Radio, 475 U.S. 574, 586 (1986).   When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case as to which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 323.   <u>See</u> Harter vs. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

**<u>Statement of Facts</u>**

From the pleadings, declarations and exhibits submitted herewith, the following facts can be ascertained as undisputed.

5

On April 12, 2004 Gibson filed the instant civil rights complaint in which he alleges that defendant, Dr. Edelman was treating him for Hepatitis C with a series of treatments which included daily oral medication and numerous injections of Interferon which were administered three times a week. (Doc. No. 1, complaint). Plaintiff contends that Dr. Edelman "deviated from accepted medical practice and in fact breached his duty of care" and as a result caused significant damage to plaintiff's thyroid. Id.  Plaintiff claims that he now has to take thyroid medication three times a day for the rest of his life.

On March 22, 2004, Gibson initiated the grievance process by filing Grievance Number 79570 regarding the incident. (Doc. No. 112, Ex. S, copy of grievance). On March 29, 2004, the grievance officer denied plaintiff's grievance, stating the following:

> We are not authorized to settle compensatory requests. You have been treated appropriately and according to acceptable standards.

(Doc. No. 112, Ex. T, Official Inmate Grievance Initial Response).

Gibson subsequently appealed to the Facility Manager and, then filed a final appeal to the Secretary's Office of Grievance

Appeals.   On June 15, 2004, the Chief Grievance Officer responded to plaintiff's final appeal as follows:

> This is to acknowledge receipt of your appeal to final review of the above numbered grievance.
>
> In accordance with the provisions of DC-ADM 804, effective May 1, 2002, I have reviewed the entire record of this grievance; including your initial grievance, the grievance officer's response, your appeal from initial review and the superintendent's response.  I have also carefully reviewed the issues you raise to final review.
>
> Upon completion of this review, it is the decision of this office to refer this grievance to the Bureau of Health Care Services for review.  Upon completion of this review, I will then complete final review of your grievance and provide you with a written response.
>
> This letter is to advise you that final review will be delayed pending review by the Bureau of Health Care Services.

(Doc. No. 112, Ex. U, Final Review, Grievance No. 79570).   Thus, a decision was due to be rendered on plaintiff's final appeal sometime after June 15, 2004.

**Discussion**

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter vs. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies <u>before</u> initiating a federal lawsuit. Booth vs. Churner, 532 U.S. 731, 739 (2001)(emphasis added). Failure to exhaust available administrative remedies is an affirmative defense. Ray vs. Kertes, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. Brown vs. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendant Edelman has properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. (Doc. No. 55, Answer). The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. <u>See</u> <u>www.cor.state.pa.us</u>, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the

8

Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. <u>Id</u>. The first step in the inmate grievance process is initial review. <u>Id</u>. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. <u>Id</u>. After initial review, the inmate may appeal to the superintendent of their institution. <u>Id</u>. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review. <u>Id</u>.

It is patently clear from the chronological background of this action that plaintiff has failed to exhaust his administrative remedies before filing the above captioned action, as the action was filed on April 12, 2004, prior to Plaintiff's appeal to final review and receipt of a decision on his final review. Thus, defendant Edelman is entitled to summary judgment as a matter of law. <u>See</u> Ahmed vs. Dragovich, 297 F.3d 201, 209, 210 (3d Cir. 2002)(Holding that exhaustion requires completion of the entire administrative-remedy process <u>prior</u> to filing suit)(emphasis added).

9

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Edelman's motion for summary judgment (Doc. No. 107) is GRANTED as set forth in ¶ 2 below.

2. Plaintiff's amended complaint (Doc. 23) filed on September 22, 2004, is dismissed without prejudice.

3. Defendant's motion to exceed the page limitation in his brief in support of his motion for summary judgment (Doc. No. 114) is **GRANTED.**

4. Plaintiff's motions to deny defendant's motion for summary judgment, for failing to timely file a brief in support of said motion, (Doc. Nos. 118, 119) are **DENIED** as meritless, as Defendant's supporting brief was timely filed in accordance with M.D. Pa. Local Rule 7.5.

5. Plaintiff's motion for the production of documents (Doc. No. 103) is **DISMISSED** as moot.

6. The Clerk of Court is directed to **CLOSE** this case.

7. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.


s/Malcolm Muir
MUIR
United States District Judge